# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL ACTION NO. 5:16-CR-00046-KDB-DSC-4

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **ORDER** |
| REGINALD JERRY SHAW, | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant Reginald Jerry Shaw's *pro se* Emergency Motion for Reduction in Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 176). Having carefully reviewed the Defendant's motion, exhibits, and all other relevant portions of the record, the Court will deny the motion without prejudice to a renewed motion properly supported by evidence and after exhaustion of his administrative remedies.

## I.  BACKGROUND

In 2016, Defendant pled guilty to one count of conspiracy to distribute and to possess with intent to distribute methamphetamine. (Doc. No. 26). He was sentenced to 151 months imprisonment plus five years of supervised release. (Doc. No. 115).

Defendant is a 45-year-old male confined at FCI Butner Low, a minimum-security federal corrections institution in North Carolina, with a projected release date of March 14, 2025. Defendant seeks a reduction in his sentence under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A). He claims he is hereditarily predisposed to various health risks that affect his cardio-pulmonary health to include heart disease and high blood pressure. (Doc. No. 176, at 5). According to his Presentence Report, he is not under the care of a physician nor currently

prescribed any medication. (Doc. No. 94, ¶ 72). Defendant attaches some medical records for his mother that seem to indicate she has heart problems and kidney disease. (Doc. No. 177, at 1-3). No medical records of the Defendant have been submitted with the motion.

## II. COMPASSIONATE RELEASE

A prisoner may bring a motion for compassionate release before the court only if he "has fully exhausted all administrative rights to appeal a failure" of the BOP to bring a motion on his behalf or if 30 days have passed since the warden received his request, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Courts are split over whether the exhaustion requirement is jurisdictional or is a "case processing" rule that can be waived. *Compare United States v. Brown*, No. CR 12-20066-37-KHV, 2020 WL 1935053, at *1 (D. Kan. Apr. 22, 2020) ("The requirement to exhaust administrative remedies or wait 30 days after the warden receives a request is jurisdictional.") *with United States v. Alam*, -- F.3d --, No. 20-1298, 2020 WL 2845694, at *2 (6th Cir. June 2, 2020) (holding that the administrative exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) is non-jurisdictional). The majority view is that the exhaustion requirement is a case processing rule. *See, e.g.*, *United States v. Smith*, No. 12 Cr. 133 (JFK), 2020 WL 1849748, at *2-3 (S.D.N.Y. Apr. 13, 2020) (collecting cases).

If the rule is not jurisdictional, then it can be waived, forfeited, or abandoned, and is otherwise subject to exceptions. *See United States v. Zukerman*, 16 Cr. 194 (AT), 2020 WL 1659880, at *3 (S.D.N.Y. Apr. 3, 2020); *United States v. Russo*, No. 16-cr-441 (LJL), 2020 WL 1862294, at *5 (S.D.N.Y. Apr. 14, 2020). These exceptions include "where it would be futile, either because the agency decisionmakers are biased or because the agency has already determined the issue, . . . where the administrative process would be incapable of granting adequate relief, . . . [or] where pursuing agency review would subject plaintiffs to undue prejudice." *Zukerman*, 2020 WL

1659880, at *3 (citing *Washington v. Barr*, 925 F.3d 109, 118-19 (2d Cir. 2019). It is Defendant's burden to show that he has exhausted his remedies or that exhaustion would be futile or result in undue prejudice. *See, e.g.*, *United States v. Bolino*, No. 06-cr-0806(BMC), 2020 WL 32461, at *1 (E.D.N.Y. Jan. 2, 2020) (requiring defendant to prove that the exhaustion requirement has been met).

Defendant has not exhausted his remedies as required under 18 U.S.C. § 3852(c)(1)(A). Here, Defendant attaches a form entitled inmate request to staff cursorily requesting compassionate release and receives a response that such requests initially need to be submitted to the Unit Team or Social Worker for review and processing. (Doc. No. 177, at 16, 17). On May 11, 2020, Defendant submitted his request to the Social Worker per the instructions and was denied home confinement under the CARES Act on May 14, 2020. *Id.* at 32, 33. Defendant's subsequent requests for administrative remedy reference the requirements of the CARES Act and requests home confinement. *Id.* at 22, 24. On July 14, 2020 and on July 21, 2020, the warden denied both requests for home confinement and instructed the Defendant that he could appeal such decisions to the Regional Director, Federal Bureau of Prisons, Mid-Atlantic Regional Office. Id. at 29, 35. Defendant has not been requesting compassionate release from the warden under 18 U.S.C. § 3582(c)(1)(A) but instead requesting home confinement under the CARES Act. Therefore, Defendant has not shown that he has exhausted his remedies as required under 18 U.S.C. § 3582(c).

According to the BOP's website, FCI Butner Low currently has no inmate and one staff with confirmed active cases of COVID-19. There are approximately 1,250 inmates at FCI Butner Low. There have been 16 inmate deaths and 1 staff death while 648 inmates have recovered and 16 staff have recovered. Given this information, the Court finds that Defendant has not met his burden of showing that the exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) should be excused. With

no confirmed current COVID-19 case amongst the inmate population, requiring Defendant to exhaust his administrative remedies within the BOP before petitioning this Court would not result in any "catastrophic health consequences" or unduly prejudice Defendant. *See United States v. Fraction*, No. 3:14-CR-305, 2020 WL 3432670, at *7 (M.D. Pa. June 23, 2020) (finding the defendant did "not demonstrate any 'catastrophic health consequences' to make exhaustion futile or show that he could be unduly prejudiced if he had to wait to exhaust his administrative remedies with the BOP"). Generalized concerns regarding the possible spread of COVID-19 to the inmate population at FCI Butner Low are not enough for this Court to excuse the exhaustion requirement, especially considering the BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread at FCI Butner Low. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

### III. ORDER

**IT IS THEREFORE ORDERED** that Defendant's Emergency Motion for Reduction in Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), (Doc. No. 176), is **DENIED** without prejudice to a renewed motion properly supported by evidence and after exhaustion of his administrative remedies.

**SO ORDERED.**

Signed: August 26, 2020

*[signature]*

Kenneth D. Bell
United States District Judge